IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN D. BROWN, # B-34351, )<br>  )<br>  Plaintiff, )<br>  )<br>vs. )<br>  )<br>SHAWN D. RITCHEY, )<br>and HENRY P. TEVERBAUGH, )<br>  )<br>  Defendants. ) | Case No. 14-cv-1122-NJR-DGW |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's December 11, 2014, Order (Doc. 13). The December 11 order contained the merits review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Plaintiff's 37-page motion was received and filed with this Court on January 13, 2015, but according to his certificate of service, it was placed in the prison mail system on January 7, 2015 (Doc. 13, p. 37).

Plaintiff brings his motion pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). A Rule 59(e) motion must be filed within 28 days of the entry of the challenged order or judgment. Under the mailbox rule, Plaintiff's motion was timely filed as of January 7, 2015. Taking issue with the Court's dismissal of most of the claims in Plaintiff's complaint and the associated Defendants, he argues that the Court patently misunderstood the majority of his allegations and made mistakes of law and possibly of fact.

After conducting the merits review of Plaintiff's 41-page complaint, the Court dismissed 19 of Plaintiff's 21 claims, and nine of the 12 Defendants (Doc. 7). Count 6, the retaliation claim against Defendants Teverbaugh and Richey, remains in this action. Count 7, a retaliation claim against Defendant Gephart, was severed into a separate action, *Brown v. Gephart*, Case No. 14-cv-1372-NJR. Plaintiff was given a deadline of January 15, 2015, to inform the Court whether he wished to voluntarily dismiss or proceed with that severed case.

**Discussion**

Count 1 of the complaint, in which Plaintiff raised general claims that many Defendants had engaged in a campaign of retaliation against him, was dismissed without prejudice. Plaintiff now complains that in the threshold order (Doc. 7), the Court improperly incorporated and referenced parts of the threshold order in his previous case, *Brown v. Gephart*, Case No. 13-cv-659-JPG-PMF, while at the same time preventing him from incorporating by reference portions of his complaint from that action into the present complaint. Suffice it to say that the rule requiring all allegations in a complaint to be set forth in a single document applies to pleadings, not to orders of the Court. *See* FED. R. CIV. P. 8(a). Because many of the claims raised herein were similar to claims that had previously been dismissed in Case No. 13-cv-659, the Court's reference to the merits review order in that case was entirely appropriate.

Plaintiff's argument that he should have been able to incorporate portions of his earlier complaint by reference into the instant complaint is unavailing in any event. The Court concluded that those allegations in Case No. 13-cv-659 against multiple Defendants (with the exception of the claims against Defendant Gephart and an unrelated claim against mailroom staff) failed to state a claim upon which relief may be granted in that case (Doc. 11 in Case No. 13-cv-659). Further, in Plaintiff's own words, it "would be extremely and unnecessarily

burdensome and difficult" to require him to adequately plead his claims in Count 1 herein without allowing him to incorporate sections of his complaint in the earlier action by reference (Doc. 13, p. 3). If that is so, it would be equally if not more burdensome to require Defendants herein to respond to such a piecemeal pleading. The Court's rejection of Plaintiff's attempt to incorporate outside material into the pleading was legally sound.

Also in reference to Count 1, Plaintiff argues that his recitation of facts which he characterizes as "retaliation" by Defendants Gephart, Dozier, Magnus, and others should have been sufficient to put them on notice of his claims (Doc. 13, p. 5). However, the Court discussed and dismissed the only specific retaliation claims against Defendants Dozier and Magnus in Counts 3 and 4. Those claims did not fail for lack of sufficient notice; instead, the claims were dismissed because in light of all the facts, a retaliatory motive for the denial of medical care to Plaintiff on July 3, 2013, was implausible. As to the other arguments regarding the dismissal of Count 1, nothing in Plaintiff's motion alters the Court's conclusion that Plaintiff's general, sweeping claims of retaliation in that count were insufficient to state a specific claim against any of the Defendants as pled in Count 1.

Likewise, Plaintiff's arguments against the dismissal of Count 2 are unpersuasive. His claim that Defendant Harter's inaction on his grievances was motivated by retaliation is not supported by the facts. After full consideration of all Plaintiff's arguments, the Court stands by its reasoning in dismissing Count 2, as well as the rest of the dismissed counts. The Court does not find it necessary to discuss in detail each of the points Plaintiff raises in his lengthy motion, much of which is duplicative of the allegations and claims raised in the complaint. A few selected matters shall be addressed, however.

Plaintiff points to the Court's recognition, in the discussion of Count 3, that he has

claimed that "virtually all the acts or omissions by each Defendant were taken in retaliation for his grievance activity that began in 2012, and for his 2013 lawsuit" (Doc. 7, p. 11). He then argues that Counts 6 and 7 should not have been severed, because they were part of the same transaction or series of transactions (Doc. 13, pp. 11-12; 18-19). First, the Court made the above observation in concluding that the complaint failed to make a plausible showing that Plaintiff's grievance and lawsuit activity motivated Defendants Dozier or Magnus to deny him medical treatment. Further, even if the surviving retaliation claims in Counts 6 and 7 were allegedly motivated by some of the same protected activities on Plaintiff's part, that connection is insufficient to keep the claims in the same action in light of the considerations outlined in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). The Defendants involved in Counts 6 and 7, as well as the specific incidents of retaliatory acts, are distinct from one another. The retaliatory actions in Count 6 relate to two disciplinary proceedings, one on September 27, 2013, and the other on January 27, 2014, involving Defendants Ritchey and Teverbaugh. Count 7 involves several unrelated acts of retaliation by Defendant Gephart from February 10-12, 2014. These incidents were not part of the same transaction or occurrence or series of transactions or occurrences, and they do not share any question of law or fact common to all Defendants, within the meaning of Federal Rule of Civil Procedure 20(a)(2). *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). In other words, the claims in Count 6 can and should be adjudicated independently and without any reference to the claims in Count 7. The severance of Count 7 into a separate lawsuit was proper.

As to Plaintiff's claim that he was denied medical treatment on July 3, 2013, because he lacked funds to pay (Doc. 13, pp. 12-14), the Court was well aware that Plaintiff made this allegation numerous times in the complaint. However, his factual recitation also made it clear

that he stood firm in his refusal to sign a payment voucher to allow the medical co-payment to be deducted from his account if funds should become available, and that this refusal, not Plaintiff's poverty, was the reason he was not given treatment. Nothing in the present motion points to a different conclusion. Plaintiff could have been treated if he had simply signed the voucher. If he was truly indigent, payment could not have been collected even with a signed voucher. Moreover, he could have raised his objection through the prison grievance procedure to seek an exemption from the co-payment, even after signing the voucher. His argument (Doc. 13, p. 22) that he was statutorily exempt under Illinois law from being charged a medical co-payment is a matter to raise, if at all, in state court, as Plaintiff was advised when his co-payment claim was dismissed from Case No. 13-cv-659 (Count 4 in that action). *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) (application of statutory exemption to the co-payment rule is a question of state law, not cognizable in a § 1983 action). The Seventh Circuit has found that this statute does not trigger Fourteenth Amendment due process concerns actionable in federal court. The Court thus reaffirms that the dismissal of Counts 10, 11, and 12, was legally sound. The same is true for the other dismissed claims.

Plaintiff's discussion regarding the dismissal of Count 5 against Defendant Banal (Doc. 13, pp. 16-18) demonstrates that what he believes to be factual allegations sufficient to support a claim are too sketchy and conclusory to survive dismissal under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Count 5, like several other claims, was dismissed without prejudice, it is possible that Plaintiff may re-plead these claims, either in this action (within the confines of Rule 15(a) and Local Rule 15.1) or in a separate lawsuit (in light of *George v. Smith*, 507 F.3d 605(7th Cir. 2007)). Should he attempt to do so, he is advised to focus on factual statements describing what actions were taken

by a particular Defendant, rather than rely on the conclusory statements that dominate Count 5 (Doc. 1-1, p. 1, ¶¶ 85-86).

Plaintiff complains in reference to several dismissed Defendants that the Court failed to separately address his "official capacity" claims against them based on his theory that their allegedly unconstitutional actions were directly linked to official policies of the Department of Corrections. An analysis of the official capacity claims, however, was not necessary in this instance once the Court determined that the various Defendants' behavior did not violate Plaintiff's constitutional rights. Neither of the remaining retaliation claims in Counts 6 or 7 suggests any official capacity liability.

Finally, nowhere in the motion does Plaintiff suggest that he does not want to pursue the claim in Count 7 against Defendant Gephart that was severed into a separate case (*Brown v. Gephart*, No. 14-cv-1372-NJR). He was clearly instructed that if he wanted to voluntarily dismiss that action, and thus avoid the assessment of another filing fee, he must so inform the Court no later than January 15. That deadline has passed, and he has not done so. An order shall thus be entered in *Brown v. Gephart*, Case No. 14-cv-1372-NJR to reflect that the severed case shall proceed.

To summarize, Plaintiff has not shown any mistake of law or fact or presented any newly discovered evidence that would entitle him to an alteration or amendment of the threshold order (Doc. 7) under Rule 59(e).

Upon review of the record and the arguments presented in Plaintiff's motion, the Court remains persuaded that its ruling dismissing Counts 1-5 and 8-21, as well as Defendants Wexford Health Source, Magnus, Kim, Godinez, Dozier, Cameron, Banal, Pruett, and Harter, pursuant to 28 U.S.C. § 1915A was correct. Further, the severance of Count 7 into a separate

action was legally proper.  Therefore, the motion for reconsideration (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 27, 2015**

_____
NANCY J. ROSENSTENGEL
United States District Judge